UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------X

DERMOT J. MACSHANE

                                          Plaintiff,

            -against-

THE CITY OF NEW YORK; RAYMOND W. KELLY, Police
Commissioner; GEORGE A. GRASSO, First Deputy Commissioner;
JOHN GRAPPONE, Acting Deputy Commissioner, Trials;
MICHAEL D. SARNER, Deputy Commissioner, Trials; RAFAEL
PINIERO, Chief, Personnel Bureau; GEORGE W. ANDERSON,
Deputy Chief, Executive Officer, Personnel Bureau; MICHAEL P.
O'NEILL, Deputy Chief, Employee Relations Section; CHARLES
MICHAEL MARTINEZ, Deputy Chief Surgeon, Medical Division;
JACQUELINE MC CARTHY, Retired Lieutenant, Counseling
Services Unit; DANIEL SWEENEY, Sergeant, Counseling
Services Unit; SUZANNE GIMBLET, Detective, Counseling Services
Unit, CHRISTINE JOANN CARLOZZI, Detective, Counseling
Services Unit; MICHAEL BAHRENBURG, Police Officer, Counseling
Services Unit; SAM WILLIS, Counseling Services Unit; each being
sued individually and in their official capacities as employees of the
Police Department City of New York; MARWORTH ALCOHOL
AND CHEMICAL DEPENDENCY CENTER aka MARWORTH and
its agents; BRIDGE BACK TO LIFE CENTER, INC. and its agents;
and THE MAXWELL INSTITUTE OF ST. VINCENT'S
WESTCHESTER and its agents.

                                          Defendants.

--------------------------------------------------------------------------------X

      05 CV 6021
      (SJ)(RML)

      Judge Sterling Johnson

      Jury Trial Demand

      <u>Second Amended</u>
      <u>Complaint</u>

        The plaintiff DERMOT J. MACSHANE, by his attorneys, Jeffrey L. Goldberg, P.C., as and

for his complaint against defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY;

GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO;

GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ;

JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE

1

JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; MARWORTH ALCOHOL AND CHEMICAL DEPENDENCY CENTER aka MARWORTH and its agents; BRIDGE BACK TO LIFE CENTER, INC. and its agents; and THE MAXWELL INSTITUTE OF ST. VINCENT'S WESTCHESTER and its agents respectfully set forth and allege that:

## INTRODUCTION

1.      This is an action for equitable relief and money damages on behalf of the plaintiff DERMOT J. MACSHANE, (hereinafter referred to as "plaintiff") who was, and who is prospectively being deprived of his civil and constitutional rights as a result of the defendants' racketeering activities and disability discrimination.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

(a)      the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1962(c), making it illegal for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity;

(b)      the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1962(d), making it unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of 18 U.S.C. 1962;

(c)      the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1964(c), affording the opportunity for any person injured in his business or property by reason of a violation of section 1962, may sue therefor in any appropriate United States district

2

court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee;

(d)    Title I of the Americans with Disabilities Act of 1990 (hereinafter referred to as the "ADA") providing for injunctive and other relief against discrimination in employment on the basis of a disability and/or individuals regarded as having a disability;

(e)    the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

(f)    the Civil Rights Act of 1871, 42 U.S.C. § 1985(3), providing for protection from conspiracies to interfere with a person's civil rights;

(g)    the First Amendment of the Bill of Rights of the United States Constitution, providing for protection against interference with a person's right to freedom of religion, freedom of expression, right to privacy etc.

3.    The unlawful employment practices, violations of plaintiff's civil rights and tortuous acts complained of herein were committed within the Eastern and Southern Districts of New York and the Middle District of Pennsylvania.

4.    The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; New York City Administrative Code § 8-502; New York City Administrative Code § 14-115; False Imprisonment; Aiding and Abetting and the Breach of Fiduciary Duty; and Unjust Enrichment, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one civil, constitutional and statutory rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

### **PLAINTIFF**

5.      Plaintiff is a male citizen of the United States of America and is over twenty-one (21) years of age, a resident of Bronx County and an employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD").  For the purposes of this litigation defendant CITY may be identified interchangeably using the acronym CITY or NYPD to identify the employer which is defendant CITY.

## DEFENDANTS

6.      Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the State of New York.

7.      Defendant CITY is an employer within the definitions contained in 42 U.S.C. § 12111(5), employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

8.      Defendants' RAYMOND W. KELLY, Police Commissioner; GEORGE A. GRASSO, First Deputy Commissioner;  JOHN GRAPPONE, Acting Deputy Commissioner, Trials; MICHAEL D. SARNER, Deputy Commissioner, Trials; RAFAEL PINIERO, Chief, Personnel Bureau; GEORGE W. ANDERSON, Deputy Chief, Executive Officer, Personnel Bureau; MICHAEL P. O'NEILL, Deputy Chief, Employee Relations Section; CHARLES MICHAEL MARTINEZ, Deputy Chief Surgeon, Medical Division; JACQUELINE MC CARTHY, Retired Lieutenant, Counseling Services Unit; DANIEL SWEENEY, Sergeant, Counseling Services Unit; SUZANNE GIMBLET, Detective, Counseling Services Unit, CHRISTINE JOANN CARLOZZI, Detective, Counseling Services Unit; MICHAEL

4

BAHRENBURG, Police Officer, Counseling Services Unit; and SAM WILLIS, Counseling Services Unit; each being sued individually and in their official capacities as employees of the NYPD.

9. Defendant MARWORTH ALCOHOL AND CHEMICAL DEPENDENCY CENTER and its agents aka MARWORTH (hereinafter referred to collectively as MARWORTH) is an entity of the Geisinger Health System and was formed in accordance with the laws of the Commonwealth of Pennsylvania. MARWORTH located in Waverly, Pennsylvania, provides inpatient and outpatient alcohol and chemical dependency treatment programs to employees of defendant CITY.

10. Defendant BRIDGE BACK TO LIFE CENTER, INC., and its agents (hereinafter referred to collectively as BRIDGE BACK TO LIFE) is a domestic Business corporation formed in or around November 23, 1988, in accordance with the laws of the State of New York. BRIDGE BACK TO LIFE provides inpatient and outpatient alcohol and chemical dependency treatment programs to employees of defendant CITY.

11. Defendant THE MAXWELL INSTITUTE OF ST. VINCENT'S WESTCHESTER and its agents (hereinafter referred to collectively as THE MAXWELL INSTITUTE) is part of the Saint Vincent Catholic Medical Centers (SVCMC) and provides inpatient and outpatient alcohol and chemical dependency treatment programs to employees of defendant CITY.

## PROCEDURAL REQUIREMENTS

12. Plaintiff has filed suit with this Court within the applicable statute of limitations period.

13. Plaintiff is not required to exhaust any administrative procedures prior to suit under

5

the Racketeer Influenced and Corrupt Organization Act, the Civil Rights Act of 1866, the Civil Rights Act of 1871 or the United States Constitution.

14.    On or about September 14, 2005, plaintiff sought assistance from the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC").

15.    On or about October 3, 2005, plaintiff received a Dismissal and Notice of Right to Sue from the EEOC.

## BACKGROUND

16.    Plaintiff is a Sergeant who is employed by defendant CITY more specifically the NYPD and has either been diagnosed with suffering from or regarded as suffering from chronic alcohol dependency.

17.    Plaintiff alleges that the earliest actions of disability discrimination commenced on or about June 2002, and continue to this day.

18.    Plaintiff alleges that Commissioner James F. Hanley, through defendant CITY's Office of Labor Relations improperly and without legal excuse ceded authority of defendant CITY's Employee Assistance Program relating to employees of the NYPD more specifically the Counseling Services Unit without controlled oversight and allowing it to operate as an EAP without the appropriate certification or waiver from the New York State Office of Alcoholism and Substance Abuse Services (hereinafter referred to as OASAS) or other appropriate governing authority.

19.    In or around June 2002, plaintiff alleges that based on an off duty domestic incident with his former spouse, defendant CITY through its agents in the Counseling Services Unit forced plaintiff to attend an alcohol education program although Police Officer Paul O'Connor of the Carmel Police Department reported that he saw no indication that the plaintiff

was under the influence of an intoxicant at the time.  Shortly thereafter, Duty Captain John Nicholson assigned to Patrol Borough Bronx found the plaintiff to be fit for duty.

20.     Plaintiff alleges that from June 2002, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS has violated his civil rights as well as other similarly situated employees regarded as disabled due to alleged chronic alcohol dependency although there were no changes in their level of job performance.

21.     Plaintiff alleges that from June 2002, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees into waiving their HIPPA Rights to restrict the release of their personal medical records under the threat of suspension and/or termination.  Defendants' CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS as well as other members of the Medical Division, Employee Relations and the Counseling Services Unit then also refused to allow plaintiff as well as other similarly situated employees to view the contents their own case folders.

22.    Plaintiff alleges that from June 2002, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees under the threat of suspension and/or termination into signing a non-negotiable Counseling Contract without the benefit of legal counsel.  Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit would then strictly enforce the conditions of the contract against plaintiff and other similarly situated employees when they had no actual knowledge of the conditions because a copy of the Counseling Contract was never provided to them.  Nor were the legal ramifications of the contract explained to them.

23.    Plaintiff alleges that from June 2002, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS as well as other members of the Medical Division, Employee Relations Section and the

Counseling Services Unit to coerce plaintiff as well as other similarly situated employees into waiving their informed consent rights under the threat of suspension and/or termination to make their own medical decisions for any treatment.

24.     Plaintiff alleges that from June 2002, until this day, that he and other similarly situated employees were forced to attend inpatient residential and outpatient treatment programs such as defendants' MARWORTH; BRIDGE BACK TO LIFE and/or THE MAXWELL INSTITUTE when defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS as well as other members of the Counseling Services Unit knew that they could not be medically and/or ethically treated because they did not meet the criteria of chronic alcohol dependency and/or because of sustained remission.  Plaintiff further alleges that defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS as well as other members of the Counseling Services Unit would use their positions as fiduciaries to authorize fraudulent billings to insurance carriers, self insurers and/ not for profit organizations such as GHI, the Red Cross, the New York City Police Foundation, defendant CITY's Operating Budget Account or directly to the plaintiff. The billing method depended on whether or not the insurance carrier denied the claim.  Upon information and belief defendants' MARWORTH; BRIDGE BACK TO LIFE and/or THE MAXWELL INSTITUTE knew or should have known that the plaintiff as well as other similarly situated employees were being forced to attend their respective programs against their will or that they did not meet the chronic alcohol dependency criteria.

25.     Plaintiff alleges that from September 2003, until March 2005, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; and DANIEL SWEENEY improperly and without legal excuse allowed defendant SUZANNE GIMBLET to hold herself out as a CASAC certified alcohol counselor while her certification was lapsed.  Defendant SUZANNE GIMBLET's credentials were lapsed in or around September 2003, and were reinstated in or around March 2005.  During such period, defendant SUZANNE GIMBLET, continued to counsel plaintiff as well as other similarly situated employees; act as a CASAC certified Case Manager and/or Counselor and refer plaintiff as well as other similarly situated employees to various alcohol treatment programs including defendants' MARWORTH; BRIDGE BACK TO LIFE and/or THE MAXWELL INSTITUTE.

26.     Plaintiff alleges that from June 2002, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed members of the Medical Division, Employee Relations Section and the Counseling Services Unit to utilize uncertified alcohol counselors and/or trainees to counsel and/or refer plaintiff as well as other similarly situated employees to inpatient residential and outpatient alcohol treatment programs such as defendants' MARWORTH; BRIDGE BACK TO LIFE and/or THE MAXWELL INSTITUTE without medical necessity.  Plaintiff alleges that such treatment programs included unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of services, bundling and unbundling of services, and forced time in isolation for detoxification.  Plaintiff further alleges that such activities were solely for the purpose of generating fees and revenue to defraud insurance carriers, self insurers and/ not for

profit organizations such as GHI, the Red Cross, the New York City Police Foundation, defendant CITY and/or the plaintiff.

27. Plaintiff alleges that from June 2002, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS as well as other members of the Counseling Services Unit to improperly and illegally refer plaintiff as well as other similarly situated employees to inpatient residential and outpatient alcohol treatment programs under the threat of suspension and/or termination.

28. Plaintiff alleges that from June 2002, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS as well as other members of the Counseling Services Unit to force plaintiff as well as other similarly situated employees into inpatient residential and outpatient alcohol treatment programs. Plaintiff alleges that the Counseling Services Unit would make referrals to inpatient residential and outpatient alcohol treatment programs although there were no findings of chronic alcohol abuse. Plaintiff alleges that such referrals were solely for the financial benefit of defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS as well as other members of the Counseling Services Unit; MARWORTH; BRIDGE BACK TO LIFE; and THE

11

MAXWELL INSTITUTE. Upon information and belief, defendant SUZANNE GIMBLET maintains a log to track referrals made to the various programs for the defendant's financial gain. Additionally, as part of defendant JACQUELINE MC CARTHY'S financial kickback, she is now employed by the Long Island Center for Recovery (hereinafter referred to as LICR) as a Counselor or related position in violation of New York City Charter § 2604 (8)(d)(1). The LICR is a named defendant in related lawsuits.

29.     Plaintiff alleges that from June 2002, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed the Counseling Services Unit to retain employees who are not only uncertified but, use the same inpatient residential and outpatient alcohol treatment programs to obtain falsified continuing education credits to fulfill OASAS credentialing requirements although they did not attend any classes or study any of the course material.

30.     Plaintiff alleges that from June 2002, until this day, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS as well as other members of the Counseling Services Unit to refer plaintiff as well as other similarly situated employees to the Twelve Steps Religious Based Alcohol Anonymous Program under the threat of suspension and/or termination without offering alternative programs in violation of the Establishment Clause of the First Amendment of the United States Constitution.

31.    On or about June 2002, until this day, plaintiff and similarly situated employees are being forced to continue being monitored by the Counseling Services Unit under threat of suspension and/or termination including submitting to Breathalyzer Tests, Urinalysis and Random Home Visits.

32.    Plaintiff alleges that in or around June 2002, he was forced to join defendant MARWORTH under the threat of suspension and/or termination by agents of the Counseling Services Unit.  Plaintiff further alleges that while a resident at defendant MARWORTH, defendant MARWORTH engaged in unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of services, bundling and unbundling of services, and forced time in isolation for detoxification.  Plaintiff further alleges that such activities were solely for the purpose of generating fees and revenue to defraud insurance carriers, self insurers and/ not for profit organizations such as GHI, the Red Cross, the New York City Police Foundation, defendant CITY and/or the plaintiff.

33.    Plaintiff alleges that on or about March 30, 2004, he was forced to join defendant THE MAXWELL INSTITUTE under the threat of suspension and/or termination by agents of the Counseling Service Unit.  Plaintiff further alleges that while attending the outpatient program at defendant THE MAXWELL INSTITUTE, defendant THE MAXWELL INSTITUTE engaged in unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of services, bundling and unbundling of services, and forced time in isolation for detoxification. Plaintiff further alleges that such activities were solely for the purpose of generating fees and revenue to defraud insurance carriers, self insurers and/ not for profit organizations such as GHI, the Red Cross, the New York City Police Foundation, defendant CITY and/or the plaintiff.

34.    Plaintiff alleges that on or about July 20, 2004, he was dropped from the program

based on a recommendation by agents of the Counseling Services Unit.

35.     Plaintiff alleges that on or about March 23, 2005, he was forced to join defendant BRIDGE BACK TO LIFE under the threat of suspension and/or termination by agents the Counseling Services Unit.  Plaintiff further alleges that while attending the outpatient program at defendant BRIDGE BACK TO LIFE, defendant BRIDGE BACK TO LIFE engaged in unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of services, bundling and unbundling of services, and forced time in isolation for detoxification. Plaintiff further alleges that such activities were solely for the purpose of generating fees and revenue to defraud insurance carriers, self insurers and/ not for profit organizations such as GHI, the Red Cross, the New York City Police Foundation, defendant CITY and/or the plaintiff.

36.     Plaintiff alleges that on or about May 9, 2005, he was dropped from the Counseling Services Unit program for some inexplicable reason.

37.     Plaintiff alleges that on or about July 19, 2005, he was suspended by Deputy Inspector Kevin Holloran for failing to comply with the directives of the Counseling Services Unit.  Upon information and belief, defendant's RAFAEL PINIERO and GEORGE W. ANDERSON authorized his suspension without any analysis of whether or not such an order violated his civil and constitutional rights.

38.     Plaintiff alleges that on or about July 22, 2005, charges were proffered against him by the Department Advocate's Office under the authority of defendant GEORGE A. GRASSO and they were signed by Deputy Inspector Kevin Holloran.  Upon information and belief defendant GEORGE W. ANDERSON authorized said charges by endorsing them.

39.     On or about March 1, 2006, plaintiff was forced to stand trial before defendant MICHAEL D. SARNER based on the aforementioned charges and specifications proffered by

defendants' GEORGE A. GRASSO and GEORGE W. ANDERSON. Based on a Motion in Limine raised by the Department Advocate's Office that was granted by defendant MICHAEL D. SARNER, the plaintiff was unable to raise or litigate any civil or constitutional claims with regard to the conduct of several defendants' in this matter. Plaintiff further alleges that based on the Younger Abstention Doctrine, defendant MICHAEL D. SARNER did nothing to protect his right to litigate and defend himself against these charges.

40.    Plaintiff alleges that on or about March 1, 2006, based on a truncated trial, defendant MICHAEL D. SARNER made the following findings: [B]ecause of the Respondent's prior disciplinary history and the nature of his prolonged **noncompliance**, I recommend that the Respondent be DISMISSED from the New York City Police Department but that his dismissal be held in abeyance for a period of one year pursuant to Section 14-115(d) of the Administrative Code, during which time he remains on the force at the Police Commissioner's **discretion** and may be **terminated at any time without further proceedings**… Plaintiff alleges that defendant JOHN GRAPPONE concurred with defendant MICHAEL D. SARNER's recommendation by endorsing the findings and forwarding them to defendant RAYMOND W. KELLY.

41.    Based on the foregoing, plaintiff feels that he rights were and are being violated by defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; MARWORTH; BRIDGE BACK TO LIFE; and THE MAXWELL INSTITUTE.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### CONSPIRACY
### IN VIOLATION OF
### THE RACKETEER INFLUENCED AND CORRPUPT ORGANIZATIONS ACT

42.     Plaintiff re-alleges paragraphs1 through 41 and incorporates them by reference as paragraphs 1 through 41 of Count I of this Complaint.

43.     This cause of action is brought pursuant to 18 U.S.C. § 1964(c).

44.     As set forth above, in violation of 18 U.S.C. § 1962(d), defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; MARWORTH; BRIDGE BACK TO LIFE; and THE MAXWELL INSTITUTE have conspired to violate 18 U.S.C. § 1962(c).

45.     As a direct and proximate result, plaintiff and other similarly situated employees have been injured in their property by the predicate acts constituting a pattern of racketeering activity.  Specifically, plaintiff and other similarly situated employees have been injured by, among other things, numerous confinements against their will, loss of pension and opportunity rights, legal fees to assert his rights, paying excessive premiums for insurance and other related services than they would have in the absence of the conspiracy.

46.     Accordingly, defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; MARWORTH; BRIDGE BACK TO LIFE; and THE MAXWELL INSTITUTE are liable to the plaintiff for three times his actual damages as proven at trial plus interest and attorney's fees.

## COUNT II
## RACKEETEERING ACTIVITY
## IN VIIOLATION OF
## THE RACKETEER INFLUENCED AND CORRUPT ORGANZATIONS ACT

47.     Plaintiff re-alleges paragraphs 1 through 46 and incorporates them by reference as paragraphs 1 through 46 of Count II of this Complaint.

48.     This cause of action is brought pursuant to 18 U.S.C. § 1964(c), for violations of 18 U.S.C. § 1962(c).

49.     As set forth above, in violation of 18 U.S.C. § 1962(c), defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; MARWORTH; BRIDGE BACK TO LIFE; and THE MAXWELL INSTITUTE have conducted or participated in the conduct of the affairs of the Fraudulent Chemical Dependency Enterprise via the Counseling Services Unit through a pattern of racketeering activity.

50.     As a direct and proximate result, plaintiff and other similarly situated employees have been injured in their property by the predicate acts constituting the pattern of racketeering activity.  Specifically, plaintiff and other similarly situated employees have been injured by, among other things, numerous confinements against their will, loss of pension and opportunity rights, legal fees to assert his rights, paying excessive premiums for insurance and other related services than they would have in the absence of the defendants' conduct.

51.     Accordingly, defendants JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; MARWORTH; BRIDGE BACK TO LIFE; and THE MAXWELL INSTITUTE are liable to the plaintiff for three times his actual damages as proven at trial plus interest and attorney's fees.

17

## COUNT III
## INJUNCTIVE AND DECLARATORY RELIEF UNDER THE
## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

52.  Plaintiff re-alleges paragraphs 1 through 51 and incorporates them by reference as paragraphs 1 through 51 of Count III of this Complaint.

53.  This claim arises under 18 U.S.C. § 1964(a), which authorizes the Court to enjoin violations of 18 U.S.C. § 1962, and under 28 U.S.C. § 2201, which authorizes declaratory relief.

54.  As set forth in plaintiff's Count I and II and in this Second Amended Complaint, defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; MARWORTH; BRIDGE BACK TO LIFE; and THE MAXWELL INSTITUTE have violated 18 U.S.C. §§ 1962(c) and (d) on a continuing basis and unless enjoined, will continue to do so in the future.

55.  As set forth plaintiff has no adequate remedy at law to prevent future violations of 18 U.S.C. §§ 1962(c) and (d), in the absence of injunctive and declaratory relief.

56.  Accordingly, plaintiff is entitled to declaratory relief declaring the illegal and conspiratorial conduct alleged herein to be in violation of 18 U.S.C. §§ 1962(c) and (d) and injunctive relief enjoining defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; MARWORTH; BRIDGE BACK TO LIFE; and THE MAXWELL INSTITUTE from further violations of 18 U.S.C. §§ 1962(c) and (d).

## COUNT IV
## AIDING AND ABETTING
## BREACH OF FIDICUARY DUTY

57.    Plaintiff re-alleges paragraphs 1 through 56 and incorporates them by reference as paragraphs 1 through 56 of Count IV of this Complaint.

58.    As alleged above, a fiduciary relationship existed between plaintiff and defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; MARWORTH; BRIDGE BACK TO LIFE; and THE MAXWELL INSTITUTE.

59.    Defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; MARWORTH; BRIDGE BACK TO LIFE CENTER, INC; and THE MAXWELL INSTITUTE breached this duty by acting in their own pecuniary interests and in disregard of the interests of the plaintiff as well as other similarly situated employees as set forth above.

60.    Defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ knowingly participated in that breach by, among other things, engaging in the fraudulent and conspiratorial conduct described above.

61.    Plaintiff has suffered damages proximately caused by defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D.

19

SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ's participation in defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; MARWORTH; BRIDGE BACK TO LIFE CENTER, INC; and THE MAXWELL INSTITUTE's breach.

62.     Accordingly, defendants' are liable to the plaintiff for damages in an amount to be proven at trial.

## COUNT V
## UNJUST ENRICHMENT

63.     Plaintiff re-alleges paragraphs 1 through 62 and incorporates them by reference as paragraphs 1 through 62 of Count V of this Complaint.

64.     Defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; MARWORTH; BRIDGE BACK TO LIFE CENTER, INC; and THE MAXWELL INSTITUTE have benefited from their unlawful acts of fraudulent and unnecessary medical billings by receiving wired funds and/or gratuities across states lines from insurance carriers, self insurers and not for profit organizations.  These payments have been received by the defendants' at the plaintiff's expense, under circumstances where it would be inequitable for the defendants' to be permitted to retain the benefit.

## COUNT VI
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

65.     Plaintiff re-alleges paragraphs 1 through 64 and incorporates them by reference as paragraphs 1 through 64 of Count VI of this Complaint.

66.     At all relevant times, plaintiff has been regarded as a qualified individual with a disability within the meaning of 42 U.S.C. §12102.  More particularly, plaintiff is regarded by defendant CITY through the NYPD as a qualified individual with a mental impairment due to chronic alcohol abuse.

67.     Defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS failure to treat plaintiff in a manner comparable to other similarly situated individuals regarded as a qualified individual with a mental impairment due to chronic alcohol dependency constitutes disability discrimination against plaintiff with respect to the terms, conditions, or privileges of employment.

68.     Defendant's actions constitute a violation of 42 U.S.C. §12112(b)(5)(A).

## COUNT VII
## RETALIATION
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

69.     Plaintiff re-alleges paragraphs 1 through 68 and incorporates them by reference as paragraphs 1 through 68 of Count VII of this Complaint.

70.     Plaintiff alleges that defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS engaged in various retaliatory actions against him as a result of his opposition to disability discrimination and as a

21

result of him expressing his first amendment right to criticize defendants for coercing him and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Step Religious Based Alcoholic Anonymous Counseling Sessions, in violation of 42 U.S.C. § 12203(a).

71.    That as a result of the illegal retaliatory acts of defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS plaintiff has suffered from depression, anxiety, loss of pay and pension rights and loss of employment opportunities.

## COUNT VIII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

72.    Plaintiff re-alleges paragraphs 1 through 71 and incorporates them by reference as paragraphs 1 through 71 of Count VIII of this Complaint.

73.    Plaintiff alleges that defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS engaged in various severe and hostile actions towards him as a result of his opposition to disability discrimination and as a result of him expressing his first amendment right to criticize defendants for coercing him and other similarly situated individuals under threat of suspension and/or termination to seek

22

alcohol treatment with the Twelve Steps Religious Based Alcoholic Anonymous Counseling Sessions.

74.     That as a result of the severe and hostile acts of defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS plaintiff has suffered depression, anxiety, loss of pay and pension rights and loss of employment opportunities.

**COUNT IX**
**DISABILITY DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

75.     Plaintiff re-alleges paragraphs 1 through 74 and incorporates them by reference as paragraphs 1 through 74 of Count IX of this Complaint.

76.     Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, and to be free from deprivation of life, liberty, and property without due process of law.

77.     Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN

23

GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, and to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

78. Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

79. Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL

BAHRENBURG; and SAM WILLIS in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

80.    Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about June 2002, until this day.

81.    As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT X**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

82.    Plaintiff re-alleges paragraphs 1 through 81 and incorporates them by reference as paragraphs 1 through 81 of Count X of this Complaint.

83.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, and to be free from deprivation of life, liberty, and property without due process of law.

84.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN

GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, and to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

85.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

86.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL

BAHRENBURG; and SAM WILLIS in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

87.     Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about June 2002, until this day.

88.     As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT XI**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

89.     Plaintiff re-alleges paragraphs 1 through 88 and incorporates them by reference as paragraphs 1 through 88 of Count XI of this Complaint.

90.     Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

91.     Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN

GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

92. Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

93. Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS in acting to deprive plaintiff's rights, acted intentionally,

28

knowingly, willfully, and with gross disregard of plaintiff's rights.

94.     Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about June 2002, until this day.

95.     As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT XII**
**FALSE IMPRISONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

96.     Plaintiff re-alleges paragraphs 1 through 95 and incorporates them by reference as paragraphs 1 through 95 of Count XII of this Complaint.

97.     Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

98.     That by the improper and illegal confinement of plaintiff at the Medical Division, Employee Relations Section,  Counseling Services Unit and defendants' MARWORTH;

29

BRIDGE BACK TO LIFE; and THE MAXWELL INSTITUTE under the threat of suspension and/or termination by defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS acting individually and acting in their capacities as supervisory and/or administrative officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

99.    That by the improper and illegal confinement of plaintiff at the Medical Division, Employee Relations Section, Counseling Services Unit and defendants' MARWORTH; BRIDGE BACK TO LIFE; and THE MAXWELL INSTITUTE acting in collusion with defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS interfered with plaintiff's right to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in

his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

100.    That the purpose of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; MARWORTH; BRIDGE BACK TO LIFE and THE MAXWELL INSTITUTE in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, and to be free from deprivation of life, liberty, and property without due process of law.

101.    Pursuant to their conduct, the defendants' acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1983.

102.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages, in addition to deprivation of his civil rights.

31

## COUNT XIII
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985(3)

103.    Plaintiff re-alleges paragraphs 1 through 102 and incorporates them by reference as paragraphs 1 through 102 of Count XIII of this Complaint.

104.    That by the aforesaid discriminatory acts and omissions of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; MARWORTH; BRIDGE BACK TO LIFE and THE MAXWELL INSTITUTE acting individually and in their official capacities as supervisory and/or administrative officials of the CITY and/or independent contractor to defendant CITY conspired, planned, agreed and intended to act in manner to thereby cause economic and psychological injury to plaintiff.

105.    That the purpose of the defendants' in so acting was to prevent plaintiff from obtaining the benefits to which he was entitled under the law and from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

106.    Pursuant to their conspiracy, defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W.

32

ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE

MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN

CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; MARWORTH; BRIDGE BACK TO

LIFE and THE MAXWELL INSTITUTE acted to deprive the plaintiff of his civil rights, by

repeated and insidious acts of discrimination and bad faith, all in violation of 42 U.S.C. § 1985

(3).

107.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff

suffered mental anguish, emotional distress, physical illness, and monetary damages.

## COUNT XIV
## FORCED TREAMENT IN AN ALCOHOLIC ANONYMOUS BASED PROGRAM
## IN VIOLATION OF THE ESTABLISHMENT CLAUSE
## OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

108.    Plaintiff re-alleges paragraphs 1 through 107 and incorporates them by reference

as paragraphs 1 through 107 of Count XIV of this Complaint.

109.    The First Amendment of the Bill of Rights of the United States Constitution

makes it unlawful to prohibit the freedom of expression, religion, the press, association, the right

to peaceably assemble and to petition the government for redress of grievances.

110.    Plaintiff alleges that defendants' RAYMOND W. KELLY; GEORGE A.

GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W.

ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE

MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN

CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; MARWORTH; BRIDGE BACK TO

LIFE and THE MAXWELL INSTITUTE violated his right to privacy, freedom of religion

and/or expression.

111.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN

GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; SAM WILLIS; MARWORTH; BRIDGE BACK TO LIFE and THE MAXWELL INSTITUTE though the Counseling Services Unit improperly and illegally forced plaintiff to attend the Twelve Steps Religious Based Alcohol Anonymous Program under the threat of suspension and/or termination.

112.    As a result of the aforesaid acts, plaintiff suffered mental anguish, emotional distress, physical illness, and monetary damages.

## COUNT XV
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

113.    Plaintiff re-alleges paragraphs 1 through 112 and incorporates them by reference as paragraphs 1 through 112 of Count XV of this Complaint.

114.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability.  The same legal standards that apply to the ADA apply to claims brought under this law.

## COUNT XVI
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

115.    Plaintiff re-alleges paragraphs 1 through 114 and incorporates them by reference as paragraphs 1 through 114 of Count XVI of this Complaint.

116.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate

34

against any individual in the terms, conditions, or privileges of employment on the basis of race, color and disability. The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated. The same legal standards that apply to the ADA apply to claims brought under this law.

## COUNT XVII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

117. Plaintiff re-alleges paragraphs 1 through 116 and incorporates them by reference as paragraphs 1 through 116 of Count XVII of this Complaint.

118. New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and disability. The law also makes it unlawful to create a severe and hostile environment where retaliation, race, color and disability discrimination are encouraged and/or tolerated. The same legal standards that apply to the ADA apply to claims brought under this law.

## COUNT XVIII
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

119. Plaintiff re-alleges paragraphs 1 through 118 and incorporates them by reference as paragraphs 1 through 118 of Count XVIII of this Complaint.

120. New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability. The same legal standards that apply to the ADA claims apply to claims brought under New York City Administrative Code § 8-502.

## COUNT XIX
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

121.    Plaintiff re-alleges paragraphs 1 through 120 and incorporates them by reference as paragraphs 1 through 120 of Count XIX of this Complaint.

122.    The New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and disability.  The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.  The same legal standards that apply to the ADA apply to claims brought under this law.

## COUNT XX
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-502

123.    Plaintiff re-alleges paragraphs 1 through 122 and incorporates them by reference as paragraphs 1 through 122 of Count XX of this Complaint.

124.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and disability.  The law also makes it unlawful to create a severe and hostile environment where retaliation, race, color and disability discrimination are encouraged and/or tolerated.  The same legal standards that apply to the ADA apply to claims brought under this law.

## COUNT XXI
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

125.    Plaintiff re-alleges paragraphs 1 through 124 and incorporates them by reference as paragraphs 1 through 124 of Count XXI of this Complaint.

36

126.    New York Administrative Code § 14-115(a), gives the police commissioner broad discretion to impose punishment on a member of the force including dismissal from the force. However, such punishment cannot be for impermissible reasons such as disability discrimination. Such arbitrary and capricious decisions would be impermissible and violative of the spirit and purpose of the statute.

## COUNT XXII
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

127.    Plaintiff re-alleges paragraphs 1 through 126 and incorporates them by reference as paragraphs 1 through 126 of Count XXII of this Complaint.

128.    New York Administrative Code § 14-115(a), gives the police commissioner broad discretion to impose punishment on a member of the force including dismissal from the force. However, such punishment cannot be for impermissible reasons such as retaliation. Such arbitrary and capricious decisions would be impermissible and violative of the spirit and purpose of the statute.

## COUNT XXIII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

129.    Plaintiff re-alleges paragraphs 1 through 128 and incorporates them by reference as paragraphs 1 through 128 of Count XXIII of this Complaint.

130.    New York Administrative Code § 14-115(a), gives the police commissioner broad discretion to impose punishment on a member of the force including dismissal from the force. The law also makes it unlawful to create a severe and hostile environment where retaliation, race, color and disability discrimination are encouraged and/or tolerated. Such arbitrary and

37

capricious decisions would be impermissible and violative of the spirit and purpose of the statute.

**COUNT XXIV**
**FALSE IMPRISONMENT**
**UNDER NEW YORK COMMON LAW**

131.    Plaintiff re-alleges paragraphs 1 through 130 and incorporates them by reference as paragraphs 1 through 130 of Count XXIV of this Complaint.

132.    Plaintiff alleges that by the improper and illegal confinement at the Medical Division, Employee Relations Section, Counseling Services Unit and defendant BRIDGE BACK TO LIFE acting in collusion with defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JOHN GRAPPONE; MICHAEL D. SARNER; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; CHRISTINE JOANN CARLOZZI; MICHAEL BAHRENBURG; and SAM WILLIS interfered with plaintiff's right to be free from governmental intrusion.

**JURY TRIAL**

133.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**Wherefore,** plaintiff demands compensatory and punitive damages from these

defendants' jointly and severally, in an amount to be determined at trial, plus any and all

available statutory remedies, both legal and equitable, and interests and costs.

Dated:        Lake Success, N.Y.
              March 6, 2006


                                   Respectfully submitted,

                                   By: _____
                                   Eric Sanders (ES0224)

                                   Jeffrey L. Goldberg, P.C.
                                   Attorneys for Plaintiff
                                   2001 Marcus Avenue, Suite S10
                                   Lake Success, NY 11042
                                   516-775-9400